IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1-14-CR-007-P |
| | § | |
| TROY E. POWELL | § | |

**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AS IT IS BASED ON A STATUTE THAT IS UNCONSTITUTIONAL**

**Note: The Defendant concedes that this Motion's requested relief is contrary to current Fifth Circuit law, but the Defendant seeks to preserve the issue for further review, either with the Fifth Circuit *en banc*, or with the Supreme Court.** *See United States. v. Whaley*, **577 F.3d 254 (5th Cir. 2009).**

NOW COMES Defendant, Troy E. Powell, through undersigned counsel, and respectfully asks this Court to dismiss the indictment against him because the statute on which it is based is unconstitutional.

I. NATURE OF CHARGE

Defendant is charged under 18 U.S.C. §2250 for Failure to Register under the Sex Offender Registration and Notification Act ("SORNA") of 2006.  42 U.S.C. §§16901-16929. Defendant was convicted of a "sex offense" in 1992.

II. SORNA AND 18 U.S.C. §2250 EXCEED CONGRESS' POWERS UNDER THE COMMERCE CLAUSE AND ARE THEREFORE UNCONSTITUTIONAL EXERCISES OF CONGRESSIONAL AUTHORITY

The Constitution creates a federal government of limited enumerated powers.  U.S. Const. Art. I, sec. 8, see also *Gibbons v. Ogden*, 9 Wheat. 1, 195 (1824) (stating that "the enumeration presupposes something not enumerated").  The Commerce Clause (an enumerated power) authorizes Congress "to regulate commerce with foreign nations and among the several

states and with the Indian tribes." U.S. Const. Art. I, sec. 8, cl. 3. Thus, the Constitution withholds from Congress a plenary police power that would authorize enactment of any type of legislation, thus leaving the states with the primary obligation to ferret out crime. *United States v. Lopez*, 514 U.S. 549, 560 (1995).

The Supreme Court has rejected the unwarranted expansion of federal criminal jurisdiction into what has traditionally been solely the province of state police powers. *See Jones v. United States*, 529 U.S. 848 (2000); *United States v. Morrison*, 529 U.S. 598 (2000); *United States v. Lopez*, 514 U.S. 549 (1995). Following these three cases, neither SORNA nor 18 U.S.C. 2250(a) require a sufficient nexus with interstate commerce and are thus unconstitutional. *Lopez*, *Morrison*, and *Jones*, have re-established the basic constitutional proposition that the Founders did not cede to Congress a general police power. That is, "(T)he regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the states."

The Court has set out three (3) broad categories of activity that Congress may regulate under the Commerce Clause. *United States v. Lopez*, 514 U.S. at 558-559. If a regulated activity fails to fall within one of these three categories, the statute exceeds Congress' power under the Commerce Clause and is thus unconstitutional.

In *Lopez,* the defendant was charged with a violation of possessing a firearm within a thousand feet of a school under the Gun Free School Zone Act, 18 USC 922(q). That law made it illegal to knowingly possess a firearm in a school zone. Lopez contended that 922(q) exceeded Congress' authority under the Commerce Clause and the Court agreed.

The *Lopez* Court set out three (3) broad categories of activity that Congress may regulate under the Commerce Clause; (1) the use of the channels of interstate commerce, (2) instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come from intrastate activities, and (3) activities having a substantial relation to interstate commerce. Interestingly, the Court refused to broaden the power so as to cede to Congress the general police power of the states. The Court stated that to uphold the statute , "we would have to pile inference upon inference in a manner that would bid fair to convert congressional authority under the Commerce Clause to a general police power of the sort retained by the States." *United States v. Lopez*, 514 U.S. at 567.

In *Morrison*, the Court not only reaffirmed Lopez but expanded the Court's approach to limiting Congress's use of the Commerce Clause to expand federal jurisdiction. The *Morrison* Court struck down portions of the Violence Against Women Act, 42 U.S.C. § 13981. The purpose of the Act was to regulate gender motivated violent crimes. The Court deemed that not an activity that substantially affects interstate commerce. The Court then set out four (4) types of showings of commerce effects; (1) whether the activity in question was economic, (2) whether the statute at issue contains a jurisdictional element, (3) any legislative findings of interstate nexus, and (4) whether there are other arguments (including implicit legislative findings) establishing the activity in question may have the required effect on interstate commerce. *United States v. Morrison*, 529 U.S. at 609-613.

Unlike *Lopez*, the statute in question in *Morrison* contained legislative findings. *United States v. Morrison*, 529 U.S. at 614. However, the Court held that legislative findings, by themselves, are not sufficient to sustain the constitutionality of Commerce Clause legislation. As

stated in Lopez, "simply because Congress may conclude that a particular activity substantially effects interstate commerce does not necessarily make it so." *United States v. Morrison*, 529 U.S. at 614 (Congress had made findings that gender-related violence deters travel and business interactions, imposes medical costs on the general population, and more generally detracts from national productivity.) Were that sufficient "then Congress could regulate every sort of violent crime." *United States v. Morrison*, 529 U.S. at 615. In the end, "simply because Congress may conclude that a particular activity substantially affects interstate commerce does not necessarily make it so." *United States v. Morrison*, 529 U.S. at 614.

In *Jones*, the issue was the constitutionality of the federal arson statute, 18 USC 844(I). That statute made it a federal crime to maliciously damage or destroy any building used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. Jones was charged with the arson of a private residence. Jones questioned whether protection of owner occupied private dwellings, is a constitutional exercise of Congress's Commerce Clause power.

The Jones Court held that the statute should not be construed to reach private owner occupied buildings. The Court held, consistent with *Lopez*, interpretive rule that constitutionally doubtful constructions should be avoided. *Jones v. United States*, 529 U.S. at 851. An expansive construction of the statute would mean by reduction ad absurdum that "hardly a building in the land would fall outside the federal statute's domain." *Jones v. United States*, 529 U.S. at 857.

A. THE REGISTRATION REQUIREMENTS OF SORNA ARE PURELY LOCAL

SORNA does not provide explanation as to what authority under the Commerce Clause Congress is exercising in imposing its registration requirements. Only Article 1 sec. 8 cl. 3 of the United States Constitution - the power to regulate commerce with foreign nations, among the

several states and with Indian Tribes - could apply. Applying the three categories of *Lopez*, *Morrison*, and *Jones*, SORNA cannot satisfy the Commerce Clause.

Mr. Powell was convicted in 1992 of a purely local state crime. Yet he is being required to register under a federal registration requirement, which his state has not adopted. The requirement that he register, and more importantly the specific terms and conditions of those requirements, are imposed upon him not by his state but by the federal government regardless of whether he leaves his state.  As such, the registration requirements have nothing to do with the channels of commerce and Congress cannot therefore require that they be implemented by the states.

Similarly, the registration requirements do not regulate things or persons in interstate commerce as an offender must comply with the terms of SORNA registration regardless of any travel. Thus, the only category of *Lopez* that could conceivably justify federal registration requirements would be if it substantially affected interstate commerce.

Congress may assert power over purely intrastate economic activity IF, taken in the aggregate, the regulated activity would have a substantial affect on interstate commerce. *Wickard v. Filburn*, 317 U.S. 111, 125 (1942); *Gonzalez v. Raich*, 545 U.S. 1 (2005).  That aggregation principle, however, is very limited. It only applies to the regulation of fungible goods, and it only authorizes the aggregation of purely intrastate activity if that conduct is economic or commercial in nature. *United States v. Morrison*, 529 U.S. at 617.  The *Lopez* Court made clear the limitations of aggregation/ *Wickard* principle in stating it "may not be extended so as to embrace effects upon interstate commerce so indirect and remote that to embrace them, in view of our complex society, would effectually obliterate the distinction between what is national and what is

local and create a completely national government. *United States v. Lopez*, 514 U.S. at 556-557. This is because states possess primary authority for defining and enforcing the criminal law. Any argument that Congress may regulate non-economic, violent criminal conduct based solely on that conduct's aggregate effect on commerce has been rejected. *United States v. Morrison*, 529 U.S. at 617.

Turning to the factors listed in *Morrison* as to whether a substantial effect on Commerce exists vis-avis the national sex offender registry, SORNA fails on all four prongs. First, SORNA has no economic character. The stated purpose of SORNA is to "protect the public from sex offenders and offenders against children". As admirable an aim as that may be, it has no economic or commercial character.

Secondly, this Court must look to whether the statute has a jurisdictional element such as travel across state lines for the purposes of committing the regulated act. While the criminal provisions (18 USC 2250(a)) contain the language of "travels in interstate commerce", the registration requirements of SORNA contain no such provision. Registration, under SORNA, is required for persons whose crimes were purely intrastate and who never travel. Mr. Powell concedes that Texas may regulate such activity and require registration. However, the federal government cannot enforce SORNA's more rigid requirements.

Third, this Court must look to Congressional findings that the statute is a valid exercise of the commerce clause power. The mere presence of Congressional findings is not sufficient by itself to sustain constitutionality. Rather, the determination of whether an activity is sufficiently related to interstate commerce is one for the judiciary.

SORNA is void of any Congressional findings. Much like the legislation in Lopez, there are no findings that local sex crimes and the regulation of those crimes through federal registration requirements has any link with interstate commerce.

Lastly, a court must look to the extent of the relationship between the regulated activity and its affects on commerce. Nothing within SORNA indicates that registration of sex offenders has any relationship or affect on commerce. Hypothesized, after the fact justifications such as the costs of crime control, or the effects of crime on national productivity cannot be the basis for Commerce Clause authority.

B. 18 U.S.C. § 2250 ALSO UNCONSTITUTIONAL

For the same legal and factual reasons, 18 USC § 2250(a) is also unconstitutional under the Commerce Clause. 18 USC 2250 does not regulate the channels of interstate commerce, persons or things in interstate commerce, nor have a substantial affect on interstate commerce.

Under 18 U.S.C. § 2250, the first two Lopez categories do not apply. The statute does not claim to regulate the channels of interstate commerce. Neither does it deal with the regulation of persons or things in interstate commerce. Persons covered by SORNA are free to travel as they wish without restriction. No attempt is made within the statute to regulate the interstate movement of sex offenders, so long as they register where they reside, work or go to school. An offender is free to cross state lines with no requirement of prior permission, notification to the state he is leaving or entering, or prohibiting any particular destination. Lastly, 18 U.S.C. § 2250 does not require that the interstate travel be in furtherance of any independent criminal activity. To the contrary, criminal liability only adheres after the person has completed their travel and remained in their new state for more than 3 days without registering.

As such, to withstand a Commerce Clause challenge, 18 U.S.C. § 2250 must substantially affect interstate commerce; the third prong of Lopez. Even with the inclusion of "travels in interstate commerce" as a jurisdictional hook within the statute, 18 U.S.C. § 2250 cannot meet the burden of constitutional scrutiny. In short, there is no nexus with economic activity or commerce.

Again, looking to the four considerations of substantial relation to interstate commerce, 18 U.S.C. § 2250 also fails. First, the activity of traveling interstate and 72 hours thereafter failing to register as a sex offender has no economic activity attached to it. Activities held to affect interstate commerce have been uniformly economic in character or had some affect on the national market.  Identical to the statutes found to be unconstitutional in *Lopez*, 18 U.S.C. § 2250 it "is a criminal statute that by its terms has nothing to do with "commerce" or any sort of economic enterprise, however broadly one might define those terms. The statute is not an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity was regulated. It cannot, therefore, be sustained under our cases upholding regulations of activities that arise out of or are connected to a commercial transaction, which viewed in the aggregate, substantially effect interstate commerce."

18 U.S.C. § 2250 does have a jurisdictional element attached to it. Lastly, there were no legislative findings concerning the nexis with interstate commerce. Simply put, there is nothing of any economic character concerning 18 U.S.C. § 2250. To extend the commerce clause to such elastic proportions would sound the death knell for federalism and pave the way for a singular national government with unlimited police power. That was not the intent of our framers and this statute cannot stand.

WHEREFORE, PREMISES CONSIDERED, Defendant asks this Court to dismiss the indictment in this cause and for all other and further relief to which Defendant may be entitled.

Respectfully submitted,

/s/ Jeffrey A. Propst
JEFFREY A. PROPST
Texas Bar No. 24064062
P.O. Box 3717
Abilene, Texas 79604
Tel. (325) 455-1599
Fax (325) 455-1507
Email: jeff@keithandpropst.com

CERTIFICATE OF SERVICE

I, Jeffrey A. Propst, certify that on the 7th day of March, 2014, the foregoing was filed through the Electronic Case Filing ("ECF") System pursuant to Local Criminal Rule 49.2(f). Pursuant to Rule 9 of Miscellaneous Order No. 61 and Local Criminal Rule 49.2(e), this constitutes service of this document to the United States Attorney for the Northern District of Texas, who is an ECF user.

/s/ Jeffrey A. Propst
JEFFREY A. PROPST
Attorney for Defendant