CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 AUG 24 AM 11:43

DEPUTY CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 14-11055
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 21, 2015
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

          Plaintiff-Appellee

v.

TROY E. POWELL,

          Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CR-7-1

Before JOLLY, JONES, and HIGGINSON, Circuit Judges

PER CURIAM:*

    A court without a jury convicted Troy E. Powell of failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). Powell was convicted of the sexual assault of a child in Colorado in 1992, and he failed to register when he moved to Texas in 2013. The court varied upward from the advisory guideline range and sentenced Powell to 48 months in prison.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 14-11055      Document: 00513151501      Page: 2      Date Filed: 08/12/2015
Case 1:14-cr-00007-O-BL   Document 45   Filed 08/24/15   Page 2 of 3   PageID 226

No. 14-11055

In his first claim, Powell contends that the Government failed to carry its burden of proving that he was required to register in Texas *under Texas law*. He further asserts that there was no proof that his Colorado offense would have required registration under Texas law. Powell's argument is fundamentally meritless under the plain language of the applicable federal statutes. A person is required to register under SORNA if he "was convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense" is expansively defined as "a criminal offense that has an element involving a sexual act or sexual contact with another." *United States v. Gonzalez-Medina*, 757 F.3d 425, 428 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1529 (2015) (quoting § 16911(5)(A)(i)).

Powell does not assert that his Colorado offense was not a sex offense as defined by § 16911(5)(A)(i). Powell's obligation to register was triggered by that Colorado conviction for a sex offense, as defined by federal law, wholly apart from Texas law. *See Gonzalez-Medina*, 757 F.3d at 428. Powell's comparison of Colorado and Texas law is irrelevant because it is based on the defective premise that his duty to register was required to arise from Texas law.

In his second claim, Powell challenges his sentence. We review the sentence for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). Powell argues that the district court committed "procedural error" by "selecting a sentence based on clearly erroneous facts." *Gall*, 552 U.S. at 51. Over Powell's objection, the district court considered three letters written by Powell's teen-aged daughter in which she recounted Powell's sexual abuse of her. Powell argues that the letters were unsworn hearsay, that his daughter's "intellectual capabilities are beneath her age," and that she gave materially inconsistent accounts of sexual assault.

Case: 14-11055 Document: 00513151501 Page: 3 Date Filed: 08/12/2015
Case 1:14-cr-00007-O-BL Document 45 Filed 08/24/15 Page 3 of 3 PageID 227

No. 14-11055

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; see *Pepper v. United States*, 562 U.S. 476, 490-91 (2011). The sentencing court was free to "consider any relevant evidence," including "uncorroborated hearsay evidence" regardless of "its admissibility under the rules of evidence applicable at trial, provided the information has sufficient indicia of reliability." *United States v. Andaverde-Tinoco*, 741 F.3d 509, 525 (5th Cir. 2013) (internal quotation marks and citations omitted), *cert. denied*, 134 S. Ct. 1912 (2014); see U.S.S.G. § 6A1.3(a).

The district court reasoned that the letters were sufficiently reliable to show that Powell sexually abused his daughter and that she had conflicting feelings about him, so that the letters were not simply the product of unprovoked malice. Despite the daughter's limited writing ability, her letter to the court and her two letters to Powell ably express her shame, fear, disappointment, and sadness arising from Powell's sexual abuse and his unwillingness to change. The district court did not abuse its discretion by considering the letters, and Powell fails to show that the sentence was based on clearly erroneous facts.

The judgment is AFFIRMED.